# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | |
|---|---|
| ANN A. BRIGHT<br>4213 20th Street N E<br>Washington, D.C. 20018<br><br>            Plaintiff<br>v.<br><br>FEDERAL COMMUNICATIONS COMMISSION<br>445 12th Street SW<br>Washington, DC 20554<br><br>            Defendant | CASE NO:<br><br>JUDGE:<br><br>MAGISTRATE:<br><br>**COMPLAINT**<br>(Jury demand endorsed hereon) |

For her cause of action against this Defendant, Plaintiff Ann Bright states:

## I. INTRODUCTION

1. Plaintiff alleges below, and will prove at trial, that Defendant employed the Plaintiff, and that Plaintiff was an excellent employee. Only when Plaintiff attempted to obtain promotions that sought to place her on a level with white male employees did Plaintiff have her abilities and skills questioned by the Defendant employer, the Plaintiff suffered adverse employment consequences and then demotion in her employment.

## II. THE PARTIES

2. Plaintiff Ann Bright is at all times material hereto an adult female citizen of the District of Columbia. Plaintiff had been employed by Defendant since June, 1994, most recently in the position of Certified Fraud Examiner. Plaintiff is, and at all times referenced

herein, a GS-511-14 Senior Auditor, with the Federal Communications Commission Enforcement Bureau, Investigation & Hearing Division (IHD). Plaintiff is has obtained a Bachelor's of Science degree in Accounting and a Master's of Science degree in Taxation. Prior to her employment with Defendant, Plaintiff had over seventeen years of auditing/investigation experience in both the private industry and the federal government, with twelve years experience as Auditor-n-Charge (AIC). Additionally, plaintiff has over eleven years of technical regulatory auditing, investigations, rate making concepts, practices and methodologies, and financial reporting experience. Plaintiff has held the positions of Auditor, Senior Auditor, Auditor—Charge (AIC), Technical Regulatory Advisor, Federal Energy Regulatory Commission Administrator, Senior Utility Consultant, System Accountant, and served as acting branch manager.

3. Defendant Federal Communications Commission (FCC) is an independent United States government agency, directly responsible to Congress. The FCC was established by the Communications Act of 1934 and is charged with regulating interstate and international communications by radio, television, wire, satellite and cable. The FCC's jurisdiction covers the 50 states, the District of Columbia, and U.S. possessions.

### III. JURISDICTION and VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 2000e-5(f). Venue is proper in this Court pursuant to the provisions of 28 U.S.C. § 1391(a)(2) because Defendant maintains its headquarters in this District.

### IV. CAUSE OF ACTION

5. This action is brought by Plaintiff to enforce the provisions of Title VII of the Civil

-2-

Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., The Civil Rights Act of 1991; and, 42 U.S.C. § 1981.

6. Defendant Federal Communications Commission is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

7. Defendant has discriminated against Plaintiff Ann Bright on the basis of her race, black; and her sex, female.

8. Defendant engaged in disparate treatment relating to career opportunities that were denied to Plaintiff. Defendant FCC failed to allow Plaintiff to advance in her career and to maintain and advance her knowledge, skills, and abilities at the GS-14 level; and, Defendant refused to allow Plaintiff to avail herself of the career opportunities that would provide prospects for advancement to grade GS-15; professional series 511 Auditor. At the same time, Defendant FCC allowed white, male auditors to advance and to benefit themselves, and to achieve these available career opportunities and to make career advancements.

9. Plaintiff has applied to more than fifteen posted positions as a 510-Accountant; and 511-Auditor. Each such position was at the GS-14 level. From the commencement of her employment at the FCC, Plaintiff was recognized as the best qualified candidate for the posted position only one time, and that occurred after Plaintiff challenged the FCC personnel specialist in her assessment of Plaintiff's professional experience. Though ranked as the no. 1 candidate, Plaintiff was not selected.

10. Plaintiff has received one (1) promotion to the GS-14 level after nine (9) years of employment. White male accountants/auditors hired after Plaintiff have received two, and three promotions, respectively, to the GS-15 level.

11. In November 2003, Defendant posted a GS-511-14 vacancy announcement. Plaintiff

applied and was selected for the GS-14 position. The EB-IHD auditor positions career ladder was to the GS-14 level. Plaintiff was required to apply for a career ladder position. Plaintiff was required to perform the same work as her peers, who were all at the GS-14 level, for almost two years, while Plaintiff was retained at the GS-13 level.

12. On April 2, 2004, EB-IHD posted a GS-511-15-Auditor vacancy announcement for two positions. The vacancy announcement closed on April 15, 2004. The merit promotion certificate was forwarded to management on September 21, 2004. On December 17, 2004 EB-IHD management pre-selected three (3) candidates, two (2) white males and one (1) white female from this certificate. The vacancy announcement was for two (2) positions. An OPM regulation requires that any change to a vacancy announcement require that the vacancy announcement be reissued, and posted. Additionally, per OPM regulations, personnel certificates expire 60 days from issuance. When the selection was made the certificate had expired, which required that the vacancy announcement be re-posted. Plaintiff would have been eligible to apply for this vacancy announcement if the FCC personnel department would have required that the vacancy announcement be re-posted. Within weeks after the selection, EB-IHD management designated the three (3) white auditors as "Supervisory Auditors." The vacancy announcement dated April 2, 2004, was for GS-15-Auditors, not "Supervisory Auditors."

13. Pursuant to Defendant's policy of promoting white males instead of a more qualified black female, in 2006, a white male auditor who did not possess an accounting degree was assigned to the position as "team leader" on an audit.

14. In the Enforcement Bureau, Investigation and Hearing Division, there are eight GS-511-15 Auditor positions. Six of these positions are occupied by white males, and the remaining

two positions are held by white females. Defendant has not promoted a minority black female or male professional auditor to the GS-15 level the time of the commencement of Plaintiff's employment in 1994. Since that time, Defendant has failed to afford Plaintiff the same opportunities for advancement to the GS-15 level, as afforded white male auditors. Similar discriminatory treatment exists relating to reassignments. In March 2000, Plaintiff requested a reassignment to the Enforcement Bureau, as GS-511-Auditor, grade 13. Plaintiff was required to interview for the reassignment to the Enforcement Bureau. The Enforcement Bureau management never notified Plaintiff regarding the reassignment. White males auditors are not required to interview for reassignments.

15. In April 2002, Plaintiff and three (3) black system accountants were reassigned, after filing a grievance with the Union. Plaintiff accepted a reassignment to the Enforcement Bureau-Investigation & Hearing Division, as GS-511-13, Senior Auditor. This position career ladder was to the GS-14 level.

16. Disparate treatment also existed relating to work assignments. On April 18, 2007, Plaintiff was required to attend a training seminar at the request of Ben Bartolome, for the purpose of obtaining an overview of the division procedures for reviewing indecency complaints and maintenance of the EB-IHD database. In the past this type of work was performed by the EB-IHD administrative clerical staff.

17. On June 26, 2007, Plaintiff responded to an e-mail sent from Genero Fullano, EB-Front Office. Mr. Fullano conveyed to Plaintiff that her new duties on a special project would be to prepare mailing labels for certified mail, and to stuff the letters in the envelopes, and put them in the mail bag.

18. Plaintiff read a letter, dated February 7, 2008, addressed to the telecommunications

carrier regarding a compliance review of the telecommunication's merger conditions. In this letter, Enforcement Bureau, Investigation and Hearing Division Deputy Chief Trent Harkrader stated that the review will be conducted by a white male auditor of the Enforcement Bureau, Investigation and Hearing Division. This white male auditor was reassigned to another division, OMD, in early 2006. Nonetheless, this white male auditor conducted this review, while Plaintiff continued to receive assignments that were clerical in nature.

19. During 2007, two white male auditors in the New York field office, and one white male auditor in the Enforcement Bureau, Investigation and Hearing Division headquarters office, received audit assignments related to the above stated 271/272 review. None of the GS-15 white male auditors in Washington, D.C., or the two white male auditors in the New York field office was ever given clerical work assignments. Plaintiff, a GS-511-14, Senior Auditor has not received an auditing assignments since early 2005.

20. There also existed a hostile work environment in which Plaintiff worked. On a daily basis, Plaintiff was required to endure mistreatment with regard to the undermining of her mental capabilities, she must further undergo the uncomfortable strain of being forced to work in an unsympathetic and hostile working environment.

21. The FCC indecency policies allow TV and radio broadcaster's licensee to maintain usage of the word "nigger". This policy is highly offensive to the Plaintiff and lends itself to the creation of an extremely hostile work environment, specifically directed towards a race of people.

22. Those in a supervisory capacity within the Defendant's corporate structure have refused to make available to Plaintiff the rights and privileges of her employment; and these

supervisors have failed or refused to take appropriate action to remedy the effects of the discriminatory treatment of Plaintiff.

23. Plaintiff currently reports to a white female paralegal, that was promoted to series 343-Management Analyst, grade level GS-14. This white female has no formal education. OPM Handbook of Occupational Group & Families, requires that applicants in series 343 are required to have a degree to be classified in this series.

24. Conditions precedent to the filing of this suit have been performed or have occurred. Based upon these violations of statute, Plaintiff Ann Bright timely filed a charge of discrimination on May 2, 2007 with the FCC's EEO Program Manager, Office of Workplace Compliance. In that charge of discrimination, Plaintiff alleged that she had been subjected to the above described discrimination and harassment and retaliation during her employment with the Defendant. That Charge sets forth the fact that Defendant has discriminated against Ann Bright, in violation of Title VII of the Civil Rights Act of 1964; the Civil Rights Act of 1991; and, 42 U.S.C. § 1981.

25. As a direct and proximate result of the discriminatory conduct in her employment by the Defendant FCC, the Plaintiff has been damaged. Plaintiff has incurred lost wages, lost employment opportunities in the form of promotions and career advancements, lost pension, and other employment benefits.

**WHEREFORE**, Plaintiff demands judgment against the Defendant and prays that the Court grant the following relief:

(a) Enjoin the Defendant from failing or refusing to:

(i) provide sufficient remedial relief to make whole Plaintiff for the loss she has suffered as a result of the discrimination against her as alleged in this complaint; including but not limited to back pay, front pay, and any increase in benefits;

(ii) take other appropriate nondiscriminatory measures to overcome the effects of the discrimination.

(b) Award punitive damages to Plaintiff to the fullest amount that is permitted by statute;

(c) Award such additional relief as justice may require, together with Plaintiff's costs and Attorney fees, and other such relief which this Court deems just and proper.

Respectfully submitted,

James Q. Butler
Attorney for Plaintiff
818 18th Street - 6th Floor
Washington, D.C. 20006
Ph: 202-223-6767/fax: 202-223-3039

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

James Q. Butler

# CIVIL COVER SHEET

JS-44
(Rev. 1/05 DC)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| ANN A. BRIGHT | FEDERAL COMMUNICATIONS COMMISSION |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  WASHINGTON  (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  WASHINGTON  (IN U.S. PLAINTIFF CASES ONLY)  NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)  JAMES Q. BUTLER, ESQ.  BUTLER LEGAL GROUP, PLLP  818 18TH ST., N.W STE. 610  WASHINGTON, D.C. 20006  (202)223-6767 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**○ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**○ E. General Civil (Other)** OR **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. *Habeas Corpus/* 2255 | ◉ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ◉ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - DEFENDANT HAS DISCRIMINATED AGAINST PLAINTIFF ON THE BASIS OF HER RACE AND SEX

**VII. REQUESTED IN COMPLAINT** CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐  DEMAND $ _____  Check YES only if demanded in complaint  JURY DEMAND: YES ☒ NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction) YES ☐ NO ☒ If yes, please complete related case form.

DATE 4-30-2008    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.